Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3380 | **DATE** | February 13, 2004 |
| **CASE TITLE** | Central States, et al. v. Fresco Trucking Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion for summary judgment against Cindi Frey [8-1] is denied. Frey may have until March 5, 2004 to file a brief consistent with this opinion and with counsel's obligations under Fed.R.Civ.P. 11. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices MAILED by judge's staff. | FEB 19 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | Docketing Deputy initials | |
| | Copy to _____ | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials |

Date/time received in central Clerk's Office (Reserved for use by the Court)

02-3380.041-TCM                                              February 13, 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND and )
HOWARD McDOUGALL, Trustee, )
                               )
     Plaintiffs,               )
                               )   No. 02 C 3380
     v.                        )
                               )
FREYCO TRUCKING, INC.,         )
                               )
     Defendant.                )

**DOCKETED FEB 19 2004**

## MEMORANDUM OPINION

Before the court is plaintiffs' motion for judgment against Cindi Frey. For the reasons set forth below, the motion is denied.

## BACKGROUND

Central States, Southeast and Southwest Areas Pension Fund ("the Pension Fund") and Howard McDougall, the Pension Fund's trustee (together, "plaintiffs") brought this ERISA action against Freyco Trucking, Inc. ("Freyco") seeking to recover employer contributions Freyco allegedly owed to the Pension Fund. Freyco was properly served with a summons and complaint but failed to respond. Upon plaintiffs' motion, the court on July 24, 2002 entered a default judgment against Freyco in the amount of $31,932.35.

Plaintiffs then commenced supplemental collection proceedings by serving Cindi Frey ("Frey") in her capacity as



"President of Freyco Trucking, Inc." with a citation to discover assets. Plaintiffs scheduled Frey's deposition pursuant to the citation, but she failed to appear. Instead, William Frey (Frey's husband) and Bill Tutlewski, both former Freyco employees, appeared and testified. According to plaintiffs, William Frey's and Tutlewski's testimony, and the documents they produced, reveal that: (i) Freyco ceased operations "at the end of December 2001"; (ii) Freyco never had any assets other than accounts receivable; (iii) Frey was Freyco's sole shareholder and officer; and (iv) at or around the time of Freyco's dissolution, equity distributions amounting to $25,380.00 were made only to Frey.

Having had no success in enforcing the judgment against the now-dissolved Freyco, plaintiffs move for a default judgment against Frey.

## DISCUSSION

Litigants who have secured judgments in federal court can seek to enforce those judgments either in state court (see 735 ILCS 5/12-650, et seq.) or in federal court pursuant to Federal Rule of Civil Procedure 69(a). See Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir. 1993). Plaintiffs have opted for the latter route, and Rule 69(a) instructs federal courts, in the absence of an applicable federal statute, to apply the law of the forum state in post-judgment collection proceedings. See Cacok v. Covington, 111 F.3d 52, 53 (7th Cir. 1997); Matos v. Richard A.

Nellis, Inc., 101 F.3d 1193, 1195 (7th Cir. 1996). No federal law applies here, so the law of Illinois, the forum state, is controlling.

Our analysis begins, and ends, with the Seventh Circuit's holding in Matos. In that case, the plaintiff had won a judgment in a Title VII action against her former employer, Nellis, Inc., which had since been dissolved. The plaintiff had difficulty collecting and suspected that Nellis, Inc.'s owner, Mr. Nellis, had withdrawn all of the company's assets. Following unsuccessful Rule 69 proceedings against Mr. Nellis, the plaintiff moved the district court for a turnover order and sanctions. Instead, the district court (a visiting judge who had tried the Title VII case) terminated the Rule 69 proceedings "ruling that a federal court lacks authority to require an investor to pay the corporation's debts." Matos, 101 F.3d at 1195.

On appeal, the Seventh Circuit acknowledged that "Rule 69 conforms collection proceedings to state law, and Illinois likely would not permit veil-piercing in supplementary proceedings. . . ." Id. But, the Court held, since Nellis Inc. had been dissolved, the case did not present a veil-piercing issue, and under Illinois law, collection proceedings against a defunct corporation's distributees were proper. See id. The Court explained:

> Nellis Inc. is gone, dissolved under
> state law, and the investors who received
> its assets are liable for the debts, to
> the extent of the distributions they

> received. For all practical purposes . . .
> the distributees replace the defunct
> corporation as the real parties in
> interest. Distributee liability lasts for
> five years, and this action was commenced
> in time, so Nellis and any other recipients
> of corporate assets are directly answerable.
>
> * * *
>
> Matos is entitled to use Rule 69
> proceedings to find out how much Nellis
> received, and the district judge must
> direct Nellis to divulge that information
> and turn over the proceeds (if there was a
> distribution) to satisfy the judgment.

101 F.3d at 1195-96 (citations omitted).

Therefore, because Matos allows a litigant who holds a judgment against a dissolved corporation to enforce that judgment directly against the corporation's distributees, plaintiffs here need not pursue a separate judgment against Frey. Instead, plaintiffs may enforce the Freyco judgment against Frey, pursuant to Rule 69, to the extent of any asset distributions she received as a result of Freyco's dissolution. If Frey did receive any such distributions, she will be ordered to turn over those proceeds in satisfaction, or partial satisfaction, of the Freyco judgment.

Going forward, then, we must determine what distributions, if any, were received by Frey. Typically, the court would order Frey to appear at citation deposition or to appear before this court for a hearing on the matter. See generally Textile Banking Co. v. Rentschler, 657 F.2d 844, 850 (7th Cir. 1981). However, at least at this point, a second citation deposition and/or hearing

are unnecessary. "Proceedings to enforce judgments are meant to be swift, cheap, informal. . . . [and] Illinois law appears to leave the procedure to be followed in such proceedings largely to the judge's discretion. . . ." Resolution Trust Corp., 994 F.2d at 1226 (citations omitted). And here, the evidence proffered in support of plaintiffs' motion – the deposition transcript of Messrs. Frey and Tutlewski, as well as Freyco balance sheets and accounting statements – is *already* sufficient to make a *prima facie* showing that Frey did in fact receive Freyco asset distributions totaling $25,380.00. Frey's response brief, consisting of unsupported and conclusory denials, does nothing to rebut plaintiffs' evidence. However, we recognize that prior to this order the basis for Frey's potential liability may not have been clear, so we will give her another at-bat.

Any renewed filing by Frey shall include a statement detailing all Freyco asset distributions she received from January 2001 to the present. In addition, to the extent Frey contests plaintiffs' characterization of monies she received as being something other than distributions, she shall explain the nature of those payments, complete with any supporting evidence available. In other words, plaintiffs have come forth with sufficient evidence to shift the burden to Frey to show that the payments which plaintiffs have identified were *not* Freyco asset distributions.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for judgment against Cindi Frey is denied. Frey may have until March 5, 2004 to file a brief consistent with this opinion and with counsel's obligations under Fed.R.Civ.P. 11. Should the court require a further response from plaintiffs, they will be so notified. If Frey fails to make a showing that makes further briefing necessary, the court will order Frey to pay plaintiffs an amount equal to her Freyco asset distribution.

DATE: February 13, 2004

ENTER: _____
John F. Grady, United States District Judge